FILED

2021 Nov-24  PM 01:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

PFE/BLP/LCP: Dec. 2021
GJ#8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **No.** |
| ) | |
| **ADRIAN BENITO CARTER,** ) | |
| **LAQUETTA VENEA HALL,** ) | |
| **CHRISTOPHER JERMAINE DEAN,** ) | |
| **RIKELA DENISE CHANDLER,** ) | |
| **TYLER ALLEN NEAL,** ) | |
| **LA'DARRIUS DESHON WHITEHEAD,** ) | |
| **TIMOTHY NEAL COLEMAN,** ) | |
| **APRIL NICOLE KNOX,** ) | |
| **AARON TYRONE TAYLOR,** ) | |
| **DARRON DESHONE TAYLOR, Jr. and** ) | |
| **CHASITYCHAMPAYLE LA'SHAY BELL,**) | |
| **Defendants.** | |

## INDICTMENT

### COUNT ONE: [18 U.S.C. § 922(g)(1)]

The Grand Jury charges that:

On or about the 4th day of November 2020, in Tuscaloosa County, within the

Northern District of Alabama, the defendant,

**ADRIAN BENITO CARTER**,

knowing he had previously been convicted of a crime punishable by imprisonment

for a term exceeding one year, knowingly possessed a firearm, that is, a **CZ 9mm**

**pistol**, and the firearm was in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(1). CARTER was previously convicted on September 22, 2017, in Albany County Court, New York, of the offense of **Attempted Possession of a Forged Instrument, Second Degree,** in case number 27-8264; and was convicted on April 20, 2016, in Albany County Court, New York, of the offense of **Possession of a Forged Instrument, Second Degree**, in case number 16-200, each of the said offenses being a crime punishable by imprisonment for a term exceeding one year.

**COUNT TWO: [18 U.S.C. § 922(a)(1)(A)]**

The Grand Jury charges that:

Between September 2020 and December 2020, in Tuscaloosa County and elsewhere, within the Northern District of Alabama, the defendant,

**ADRIAN BENITO CARTER**,

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, as described in Counts Four through Thirteen of this Indictment,  in violation of Title 18, United States Code, Section 922(a)(1)(A).

**COUNT THREE:  [18 U.S.C. §§ 922(a)(1)(A) and 924(n)]**

The Grand Jury charges that:

Between September 2020 and December 2020, in Tuscaloosa County, within the Northern District of Alabama, and elsewhere, the defendant,

**ADRIAN BENITO CARTER**,

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, as described in Counts Four through Thirteen of this Indictment, and with the intent to engage in conduct that constitutes a violation of Title 18, United States Code, Section 922(a)(1)(A), did travel from a State into another State and acquire, or attempt to acquire, a firearm in such other State in furtherance of such purpose, in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 924(n).

## COUNT FOUR: [18 U.S.C. § 924(a)(1)(A)]

The Grand Jury charges that:

On or about the 25th day of September 2020, in Tuscaloosa County, within the Northern District of Alabama the defendants,

**ADRIAN BENITO CARTER,**
**LAQUETTA VENEA HALL, and**
**CHRISTOPHER JERMAINE DEAN**,

while aided and abetted by each other, in connection with the acquisition of a firearm, specifically, a **SCCY 9mm pistol**, bearing S/N C007185, and **a SCCY 9mm pistol**, bearing S/N 919361, from 3 Factors Unlimited, Inc., d.b.a. Wade's Jewelry & Pawn, a licensed dealer of firearms within the meaning of Chapter 44,

Title 18, United States Code, knowingly made a false statement and representation to Wade's Jewelry & Pawn, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Wade's Jewelry & Pawn, in that DEAN executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the actual transferee/buyer of the firearms, when in truth and in fact, he was not the actual transferee/buyer of the firearms, in violation of Title 18, United States Code, Section 924(a)(1)(A).

**COUNT FIVE: [18 U.S.C. § 922(a)(6)]**

The Grand Jury charges that:

On or about the 30th day of September 2020, in Tuscaloosa County, within the Northern District of Alabama, the defendants,

**ADRIAN BENITO CARTER and
CHRISTOPHER JERMAINE DEAN**,

while aided and abetted by the other, in connection with the acquisition of a firearm, specifically, a **Ruger 5.7x28 caliber pistol**, from Woods & Water, Inc., d.b.a. Woods & Water, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Woods & Water, which statement was intended and likely to deceive Woods & Water, as to a fact material to the lawfulness of such sale of the said firearms to the

defendant under Chapter 44 of Title 18, in that DEAN falsely represented that he was the actual purchaser of the firearm on the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, when in truth and in fact, he was not the actual transferee/buyer of the firearm, in violation of Title 18, United States Code, Section 922(a)(6).

**COUNT SIX: [18 U.S.C. § 924(a)(1)(A)]**

The Grand Jury charges that:

On or about the 2nd day of October 2020, in Tuscaloosa County, within the Northern District of Alabama, the defendants,

**ADRIAN BENITO CARTER,**
**LAQUETTA VENEA HALL, and**
**RIKELA DENISE CHANDLER**,

while aided and abetted by each other, in connection with the acquisition of a firearm, specifically, a **Glock .40 caliber pistol**, from 3 Factors Unlimited, Inc., d.b.a. Wade's Jewelry & Pawn, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code,  knowingly made a false statement and representation to Wade's Jewelry & Pawn with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Wade's Jewelry & Pawn, in that CHANDLER executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that she was the actual transferee/buyer of the

firearm, when in truth and in fact, she was not the actual transferee/buyer of the firearm, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT SEVEN: [18 U.S.C. § 924(a)(1)(A)]

The Grand Jury charges that:

On or about the 12th day of October 2020, in Tuscaloosa County, within the Northern District of Alabama, the defendants,

**ADRIAN BENITO CARTER,
LAQUETTA VENEA HALL, and
TYLER ALLEN NEAL,**

while aided and abetted by each other, in connection with the acquisition of a firearm, specifically, a **Century Arms 7.62x39 caliber pistol**, from 3 Factors Unlimited, Inc., d.b.a. Wade's Jewelry & Pawn, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false statement and representation to Wade's Jewelry & Pawn with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Wade's Jewelry & Pawn, in that NEAL executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the actual transferee/buyer of the firearm, when in truth and in fact, he was not the actual transferee/buyer of the firearm, in violation of Title 18, United States Code, Section 924(a)(1)(A).

**COUNT EIGHT: [18 U.S.C. § 922(a)(6)]**

The Grand Jury charges that:

On or about the 3rd day of November 2020, in Tuscaloosa County, within the Northern District of Alabama, the defendants,

**ADRIAN BENITO CARTER and
TYLER ALLEN NEAL,**

while aided and abetted by the other, in connection with the acquisition of a firearm, specifically, a **Glock 9mm pistol**, and a **Smith & Wesson .40 caliber pistol**, from Guns & Ammo, LLC. a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Guns & Ammo, which statement was intended and likely to deceive Guns & Ammo, as to a fact material to the lawfulness of such sale of the said firearms to the defendant under Chapter 44 of Title 18, in that NEAL falsely represented that he was the actual purchaser of the firearms on the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, when in truth and in fact, he was not the actual transferee/buyer of the firearms, in violation of Title 18, United States Code, Section 922(a)(6).

**COUNT NINE: [18 U.S.C. § 924(a)(1)(A)]**

The Grand Jury charges that:

On or about the 5th day of October 2020, in Tuscaloosa County, within the Northern District of Alabama, the defendants,

**ADRIAN BENITO CARTER,**
**LAQUETTA VENEA HALL, and**
**LA'DARRIUS DESHON WHITEHEAD**,

while aided and abetted by each other, in connection with the acquisition of a firearm, specifically, a **Glock 9mm pistol**, from 3 Factors Unlimited, Inc., d.b.a. Wade's Jewelry & Pawn, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false statement and representation to Wade's Jewelry & Pawn with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Wade's Jewelry & Pawn, in that WHITEHEAD executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the actual transferee/buyer of the firearm, when in truth and in fact, he was not the actual transferee/buyer of the firearm, in violation of Title 18, United States Code, Section 924(a)(1)(A).

**COUNT TEN**: [18 U.S.C. § 922(a)(6)]

The Grand Jury charges that:

On or about the 23rd day of December 2020, in Tuscaloosa County, within the Northern District of Alabama, the defendants,

**ADRIAN BENITO CARTER and**
**LA'DARRIUS DESHON WHITEHEAD**,

while aided and abetted by the other, in connection with the acquisition of a firearm, specifically, a **Jimenez 9mm pistol**, from EZ Pawn Alabama, Inc., d.b.a. EZ Pawn, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to EZ Pawn, which statement was intended and likely to deceive EZ Pawn as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that WHITEHEAD falsely represented that he was the actual purchaser of the firearm on the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, when, in fact, as he then knew, he was not the actual purchaser of the firearm, in violation of Title 18, United States Code, Section 922(a)(6).

**COUNT ELEVEN: [18 U.S.C. § 922(a)(6)]**

The Grand Jury charges that:

On or about the 22nd day of December 2020, in Tuscaloosa County, within the Northern District of Alabama, the defendants,

**ADRIAN BENITO CARTER,**
**TIMOTHY NEAL COLEMAN, and**
**APRIL NICOLE KNOX**,

while aided and abetted by each other, in connection with the acquisition of a firearm, specifically, a **Masterpiece Arms 9mm pistol**, from Guns & Ammo, LLC.,

a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Guns & Ammo, which statement was intended and likely to deceive Guns & Ammo, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that KNOX falsely represented that she was the actual purchaser of the firearm on the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, when in truth and in fact, she was not the actual transferee/buyer of the firearm, in violation of Title 18, United States Code, Section 922(a)(6).

**COUNT TWELVE: [18 U.S.C. § 922(a)(6)]**

The Grand Jury charges that:

On or about the 13th day of October 2020, in Tuscaloosa County, within the Northern District of Alabama, the defendants,

**ADRIAN BENITO CARTER and
AARON TYRONE TAYLOR**,

while aided and abetted by the other, in connection with the acquisition of a firearm, specifically, a **Taurus 9mm pistol**, from 3 Factors Unlimited, Inc., d.b.a. Wade's Jewelry & Pawn, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Wade's Jewelry & Pawn, which statement was intended and likely to deceive

Wade's Jewelry & Pawn, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that TAYLOR falsely represented that he was the actual purchaser of the firearm on the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, when, in fact, as he then knew, he was not the actual purchaser of the firearm, in violation of Title 18, United States Code, Section 922(a)(6).

**COUNT THIRTEEN: [18 U.S.C. § 922(a)(6)]**

The Grand Jury charges that:

On or about the 10th day of November 2020, in Tuscaloosa County, within the Northern District of Alabama, the defendants,

**ADRIAN BENITO CARTER,
DARRON DESHONE TAYLOR, Jr. and
CHASITYCHAMPAYLE LA'SHAY BELL**,

while aided and abetted by each other, in connection with the acquisition of a firearm, specifically, a **Jimenez .380 caliber pistol** and a **German Sports Gun .22 caliber pistol**, from EZ Pawn Alabama, Inc., d.b.a. EZ Pawn, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to EZ Pawn, which statement was intended and likely to deceive EZ Pawn, as to a fact material to the lawfulness of such sale of the said firearms to the defendant under Chapter 44 of Title 18, in that BELL falsely represented that she was the actual purchaser of the firearms on the

Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, when, in fact, as she then knew, she was not the actual purchaser of the firearms, in violation of Title 18, United States Code, Section 922(a)(6).

**COUNT FOURTEEN:** **[18 U.S.C. § 922(g)(1)]**

The Grand Jury charges that:

On or about the 10th day of November 2020, in Tuscaloosa County, within the Northern District of Alabama, the defendant,

**DARRON DESHONE TAYLOR, Jr.**,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is, a **Jimenez .380 caliber pistol** and a **German Sports Gun .22 caliber pistol**, and the firearm was in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(1). TAYLOR was previously convicted on December 19, 2017, in the Circuit Court of Tuscaloosa County, Alabama, of the offenses of **Theft of Property, Second Degree,** and **Breaking and Entering a Motor Vehicle** in case number CC-2017-3603, each of the said offenses being a crime punishable by imprisonment for

a term exceeding one year.

A TRUE BILL

*/s/Electronic Signature*

_____

FOREPERSON OF THE GRAND JURY

PRIM F. ESCALONA
United States Attorney

*/s/Electronic Signature*

_____

BRITTNEY L. PLYLER
Assistant United States Attorney

*/s/Electronic Signature*

_____

LLOYD C. PEEPLES, III
Assistant United States Attorney